Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8719 | **DATE** | January 10, 2012 |
| **CASE TITLE** | Percell Dansberry (B-34144) v. Yolande Johnson | | |

**DOCKET ENTRY TEXT:**

Petitioner has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and has paid the $5.00 filing fee. His motion to proceed *in forma pauperis* [3] is denied as unnecessary. It appears from the face of the petition that it is untimely. Accordingly, Petitioner is given 30 days from the date of this order to show cause why this petition should not be dismissed as time-barred. Petitioner's failure to submit a pleading in this court demonstrating that his petition is timely within 30 days will result in the dismissal of this case. Petitioner's motion for the appointment of counsel [4] is denied without prejudice.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Petitioner Percell Dansberry, Tamms Correctional Center inmate #B-34144, has filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 and has paid the filing fee. Petitioner challenges his guilty-plea conviction from June 12, 2000 (Cook County Circuit Court No. 97-17153). He states that his state post-conviction petition was pending from January 2003 to 2011, which presumably explains the filing of the instant § 2254 petition more than ten years after his conviction. Nevertheless, the dates he provides for his state court proceedings indicate that his § 2254 petition is untimely. Petitioner's conviction became final by direct review on July 12, 2000, after the time for seeking to vacate his plea and file a notice of appeal expired. *See* Ill. S.Ct. R. 604(d) (to appeal a guilty-plea conviction or sentence in Illinois the defendant must, within 30 days of the date the judgment of his sentence is entered, file a motion to either withdraw the plea or reconsider the sentence); *Hughes v. Pierce*, No. 09 C 6247, 2011 WL 1485269, *2 (N.D. Ill. April 19, 2011) (St. Eve, J.) (a guilty-plea conviction becomes final for purposes of determining the timeliness of a § 2254 petition 30 days after the judgment of conviction is entered if the petitioner did not seek to withdraw his plea). In this case, almost two and one-half years passed between the time Petitioner's conviction became final and the filing of his state post-conviction challenge.

Section 2244(d)(1) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that "a 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The one year runs from the latest of several dates, including the date on which the conviction became final by the conclusion of direct review or the expiration of the time for seeking such review; the date on which the impediment to filing an application created by the state is removed; the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been made retroactively applicable to cases on collateral review by the Supreme Court; or the date on which the factual predicate of the claim or claims presented could have been discovered through due diligence.

**(CONTINUED)**

isk

| STATEMENT |
|---|

    Although "a properly filed application for state post-conviction or other collateral review " tolls the AEDPA's one-year limitations period, 28 U.S.C. § 2244(d)(2), it does not resurrect an already expired limitations period. Petitioner may have timely filed his state post-conviction petition in January 2003, *see* 725 ILCS 5/122–1 ("If a defendant does not file a direct appeal, the post-conviction petition shall be filed no later than 3 years from the date of conviction"), but the AEDPA's one-year statute of limitations had already expired, preventing the post-conviction proceedings from tolling the statute. *Holborow v. Birkey*, No. 11-CV-01021, 2011 WL 2462571, *2 (C.D. Ill. June 17, 2011) (Mihm, J.).

    Petitioner's § 2254 petition, which indicates that his state post-conviction petition was filed after the expiration of the AEDPA one-year limitations period, thus appears untimely, Accordingly, Petitioner is given 30 days from the date of this order to show cause why his habeas petition should not be dismissed as time-barred. Plaintiff's failure to file a pleading within 30 days demonstrating why his petition should not be dismissed will result in the dismissal of this case.

*James F. Holderman*