# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8719 | **DATE** | June 27, 2012 |
| **CASE TITLE** | Percell Dansberry (B-34144) vs. Yolande Johnson | | |

**DOCKET ENTRY TEXT**

Petitioner having shown cause why his petition should not be dismissed as untimely, the Court directs Respondent to answer the petition or otherwise respond within 30 days of the date of this order.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Petitioner Percell Dansberry, Tamms Correctional Center inmate #B-34144, filed his 28 U.S.C. § 2254 petition for habeas corpus relief in this Court in December 2011. He challenges his 2000 guilty plea conviction for first degree murder. (Cook County Circuit Court No. 97-17153). Even though Petitioner stated that Illinois post-conviction proceedings were pending between 2003 and 2011, it appeared from the face of the petition that it was untimely because more than two and one-half years elapsed between the time his 2000 guilty-plea conviction became final by direct review and his initiation of his state post-conviction proceedings in 2003. Accordingly, this Court requested that Petitioner show cause why his federal petition should not be dismissed as untimely. Petitioner has responded. He has also voluntarily dismissed his appeal that was pending in the Seventh Circuit, which sought to challenge the Court's show-cause order.

Petitioner's response states that the his post-conviction petition – wherein he alleged that the trial court failed to admonish him that he had 30 days to file a motion to withdraw his plea – was granted. According to Petitioner, on August 7, 2008, he was re-admonished of his right to appeal and his right to file a motion to withdraw his guilty plea. (Doc. #19, Response, Exh. D.) The state trial court's order is not included with Petitioner's response; however, it appears that Petitioner filed a motion to withdraw his plea, which the trial court denied on January 13, 2010. On February 3, 2010, Petitioner appealed the trial court's denial of his motion to withdraw and reconsider his plea. (*Id.* at Exh. E.) The state appellate court's affirmance is also not included with Petitioner's Response, but his petition for leave to appeal the appellate court's decision was denied by the Illinois Supreme Court on January 26, 2011. (*Id.* at Exh. G.)

The state trial court's re-entering of its judgment of conviction in August 2008, after admonishing Petitioner about his right to appeal and to move for the withdrawal of his plea, (*id.* at Exh. D), arguably restarted the limitations period. *See, e.g.*, *Lozano v. Frank*, 424 F.3d 554, 555 (7th Cir. 2005) (modification of sentence based upon a defendant's post-conviction cooperation with prosecutors did not restart the one-year limitations period). Unlike *Lozano*, Petitioner's case involves the re-entering of a judgment of conviction because of an error that existed at the time of his original judgment. (Doc. #19, Exh. D.) It is not clear from Petitioner's pleadings and attachments that his petition is untimely, and the petition does not warrant dismissal under Rule 4 of the Rules Governing Section 2254 Cases.

Accordingly, the Court directs the Respondent to answer the petition or otherwise respond within 30 days of the date of this order.

Petitioner is instructed to file all future papers concerning this action with the Clerk of Court in care of

| STATEMENT |
|---|
| the Prisoner Correspondent. Petitioner must provide the Court with the original plus a judge's copy (including a complete copy of any exhibits) of every document filed. In addition, Petitioner must send an exact copy of any court filing to the Chief of Criminal Appeals Division, Attorney General's Office, 100 W. Randolph St., 12th Floor, Chicago, Illinois 60601. Every document filed by Petitioner must include a certificate of service stating to whom exact copies were sent and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Petitioner.<br><br>*James F. Holderman* |